IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

TREZON GRIFFIN,                                                                                           PLAINTIFF

v.                                              4:23CV00610-KGB-JTK

DOE, et al.                                                                                              DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition ("Recommendation") has been sent to Chief United States District Judge Kristine G. Baker. Any party may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

**DISPOSITION**

Trezon Griffin ("Plaintiff") was in custody at the Conway County, Arkansas, Detention Center at the time he filed this case. (Doc. No. 1).

On January 12, 2024, mail sent from the Court to Plaintiff at his address of record was returned as undeliverable with notation "RTS in ADC" on the envelope. (Doc. No. 19). On January 29, 2024, the Court directed Plaintiff to update his address within 30 days. (Doc. No. 20). To date, Plaintiff has not updated his address with the court.

Rule 5.5(c)(2) of the Local Rules for the United States District Court for the Eastern and Western Districts of Arkansas provides:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to

monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself must sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding *pro se* must be expected to be familiar with and follow the Federal Rules of Civil Procedure.

LOCAL RULE 5.5(c)(2).

In the January 29, 2024 Order, the Court informed Plaintiff of his responsibility to comply with Local Rule 5.5(c)(2).  (Doc. No. 20).   The Court warned Plaintiff that "if any communication from the Court is not responded to within thirty days, th[is] case may be dismissed without prejudice."  (Id.).  Nonetheless, Plaintiff has not updated his address or otherwise responded to the January 29, 2024 Order.  As such, Plaintiff's case should be dismissed without prejudice for failure to prosecute.  LOCAL RULE 5.5(c)(2); FED. R. CIV. P. 41(b).

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Complaint be DISMISSED without prejudice for failure to prosecute.

2. The Court's Partial Report and Recommendations (Doc. No. 10), Defendants' Motion for Summary Judgment (Doc. No. 15), and the Court's Partial Proposed Findings and Recommendation (Doc. No. 21) be DENIED as moot.

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal from any Order adopting this Recommendation and the accompanying Judgment would not be taken in good faith.

Dated this 26th day of March, 2024.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE